**Dissenting Opinion Filed August 18, 2020**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00665-CV

## UNITED RENTALS NORTH AMERICA, INC., Appellant
## V.
## PAMELA EVANS, INDIVIDUALLY AND AS ADMINISTRATOR FOR THE ESTATE OF CLARK BRANDON DAVIS, AND DOMINIC JONES,
**Appellees**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-04449**

## DISSENTING OPINION
Opinion by Justice Schenck

I join in Justice Evans's dissent from our denial of reconsideration en banc insofar as he raises concerns over jury selection. I write separately because, if we were to rehear this case, I would also see a need to develop the damages issue appellant raises. I write only briefly to explain why.

Appellant's brief before this Court challenges the absence of evidence of the existence of cognizable pain and suffering and the amount of the award. Given the extremely brief time that elapsed between the time the beams fell on his vehicle and Mr. Davis's death, I suspect that all involved with this matter would concede that

the recovery of any damages in a survival action for pain and suffering is a close and difficult question. *E.g.*, *Ruiz v. Guerra*, 293 S.W.3d 706, 722 (Tex. App.—San Antonio 2009, no pet.); *Las Palmas Med. Ctr. v. Rodriguez*, 279 S.W.3d 413, 417 (Tex. App.—El Paso 2009, no pet.). Whether that fact-bound inquiry would be worthy of *en banc* reconsideration standing alone is another matter. Simple disagreements of the result in any given case, and other like claims of routine panel error, are not properly the subject of en banc reconsideration. *E.g.*, *Kosliek v. Spencer*, 774 F.3d 63, 97 (1st Cir. 2014) (Thompson, J., dissenting). What I do see as much more concerning, and worthy of full court review, is appellant's separate question: the standard by which the quanta of such awards are first made by the fact finder and then reviewed on appeal.

As I read appellant's brief to the panel, its challenge is limited to the amount of the pain and suffering damages awarded. In that effort, appellant cites to *Saenz v. Fidelity & Guaranty Insurance Underwriters*, 925 S.W.2d 607 (Tex. 1996). To be sure, *Saenz* required affirmative evidence at trial not only of the existence of the injury "but of its amount" and required "meaningful appellate review" of that proof. *Id.* at 614. But *Saenz* involved a challenge to mental anguish damages, not physical pain and suffering. These two damage claims have very different pedigrees and, to my knowledge, no decision from our supreme court has yet applied *Saenz*'s heightened appellate review command to pain and suffering awards.

Still, while I believe it is the place of the supreme court to establish the proper review standard to govern pain and suffering awards, we are left to borrow the "shocks the judicial conscience" standard from our friends in San Antonio. *Casas v. Paradez*, 267 S.W.3d 170, 185 (Tex. App.—San Antonio 2008, pet. denied). For all of its charm, that standard more resembles a mood ring than a discernable, objective legal test. Instead, I had hoped, in other matters, to be permitted to review pain and suffering awards for sufficiency or excessiveness by means of comparison of an award to other reported cases involving like facts. *Cate v. Posey*, No. 05-17-01216-CV, 2018 WL 6322170, at *5 (Tex. App.—Dallas Dec. 4, 2018, no pet.) (mem. op.); *see also HCRA of Tex., Inc. v. Johnston*, 178 S.W.3d 861, 872 (Tex. App.—Fort Worth 2005, no pet.) (proper to consider other approved awards in similar cases to determine if award for pain and suffering is excessive); *Sunbridge Healthcare Corp. v. Penny*, 160 S.W.3d 230, 250 (Tex. App.—Texarkana 2005, no pet.) (same). As our panel notes in this case, my effort in this respect is in conflict with earlier, controlling panel authority and is thus wrong absent en banc reconsideration. *U-Haul Int'l, Inc. v. Waldrip*, 322 S.W.3d 821, 855–56 (Tex. App.—Dallas 2010), *aff'd in part, rev'd in part on other grounds*, 380 S.W.3d 118 (Tex. 2012). While this will not be that case, the issue may be addressed by the

supreme court in connection with this or another pain and suffering award.


                    /David J. Schenck/

                    DAVID J. SCHENCK
                    JUSTICE


Whitehill, J., joins this dissenting opinion.

180665DF.P05